UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Lisa Aliquo,<br>       Plaintiff(s),<br>v.<br>The Hertz Corporation,<br>       Defendant(s). | Case No. 2:25-cv-02010-JAD-NJK<br>**Order**<br>[Docket No. 11] |

Pending before the Court is a joint discovery plan. Docket No. 11.

The Court begins with a few housekeeping matters. First, the parties violated the local rules with respect to the deadline to file the discovery plan. "Fourteen days after the mandatory Fed. R. Civ. P. 26(f) conference, the parties must submit a stipulated discovery plan and scheduling order." Local Rule 26-1(a). The parties engaged in the Rule 26(f) conference on November 24, 2025, Docket No. 11 at 1, rendering their discovery plan more than a month late. The parties must comply with all deadlines moving forward. Second, the discovery plan makes repeated reference to "Local Rule 26-1(e)." No such rule exists and has not existed for many years. The current local rules became effective on April 17, 2020, and can be found on the Court's website.[1] Counsel must ensure they are citing the operative local rules moving forward. Third, the discovery plan indicates that the parties have not discussed settlement, Docket No. 11 at 3, but they were required to do so at the Rule 26(f) conference, *see* Fed. R. Civ. P. 26(f)(2) ("the parties *must* consider . . . the possibilities for promptly settling or resolving the case" (emphasis added)). Counsel must immediately discuss the possibility for settlement. Fourth, the discovery plan alludes to Defendant filing an answer in state court prior to removal, but it does not appear that the answer has been made part of the record of this federal case. *See* Docket No. 1 (removal papers that do not include

---

[1] https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf

1

the answer). Defendant must file, no later than January 20, 2026, a notice attaching that answer as an exhibit.

Turning to the substance of the discovery plan, the parties seek special scheduling review for a discovery period of 270 days. The presumptively reasonable discovery period is 180 days. *See* Local Rule 26-1(b)(1). In support of the request to increase the discovery period by 50%, the discovery plan makes passing reference to discovery "with respect to the medical records." Docket No. 11 at 2. No elaboration is provided as to how the need to obtain medical records (which exists in many cases) warrants the extensive elongation of the discovery period being sought. The discovery plan also indicates that the parties have agreed to stipulate to a first amended complaint identifying the doe driver defendant. Docket No. 11 at 2. Again, no elaboration is provided, including (1) when Plaintiff learned the identity of the driver, (2) when the parties agreed to stipulate to amendment, and (3) when that stipulation will be filed. Even more significantly, one might guess that there is a unity of interest—and likely the same counsel—for Hertz and the doe driver, *see, e.g.*, Docket No. 1-2 ¶ 17 (identifying the driver as a Hertz employee), so it is not clear whether the driver's interests are not already being protected or why more time will be needed for discovery once that driver formally appears, *cf. Gilbert v. Zurich Life Ins. Co. of Am.*, 2006 WL 8442041, at *5 (D. Nev. Jan. 4, 2006) (in denying leave for additional deposition to newly appearing defendant, explaining that assertion that this defendant did not have an opportunity to depose the plaintiff earlier was "technically correct," but was also "clearly without substantive reality" given overlap in attorneys and relatedness of the parties).

Accordingly, the discovery plan is **DENIED** without prejudice. A renewed discovery plan must be filed by January 16, 2026.

IT IS SO ORDERED.

Dated: January 13, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

2