**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lisa Aliquo,

    Plaintiff

v.

The Hertz Corporation, et al.,

    Defendants

Case No.: 2:25-cv-02010-JAD-NJK

**Order Remanding Case to State Court and Denying All Remaining Motions**

[ECF Nos. 13, 14, 16, 17]

Plaintiff Lisa Aliquo, a Nevada resident, filed this car-accident case in state court against the Hertz Corporation and an employee who was initially identified as a "Doe Driver." Hertz removed the action on diversity grounds. After removal, Aliquo filed a first amended complaint identifying the driver as Jose Ramirez, a Nevada resident. Because it appeared likely that Hertz would have been able to identify Ramirez and his diversity-destroying citizenship from the clues about his identity alleged in the complaint, Magistrate Judge Nancy J. Koppe ordered Hertz to show cause why this case should not be remanded as improperly removed.[1] Hertz responded that "remanding this matter to the Eighth Judicial District Court is not improper."[2]

Though 28 U.S.C. § 1441(b)(1) provides that courts should disregard "the citizenship of defendants sued under fictitious names" when determining whether a case was properly removed on diversity grounds, courts in this circuit have distinguished between truly fictitious Doe defendants "and 'real' Doe defendants whose identities are ascertainable."[3] Courts more readily consider the Doe defendant's citizenship when, as here, the unidentified defendant is an

---

[1] ECF No. 14.

[2] ECF No. 17 at 2.

[3] *See Dickson v. Walmart, Inc.*, 2023 WL 8827689, at *2 (D. Nev. Dec. 21, 2023) (collecting cases).

employee of the named defendant and the named defendant is better suited than the plaintiff to know the Doe defendant's true identity after reviewing the facts alleged in the complaint.[4]

Aliquo's state-court complaint identified "Doe Driver" as a Hertz employee who negligently operated a 2023 Nissan Altima and struck Aliquo's car on September 7, 2023, in a parking lot in Nevada.[5] That information was sufficient to give Hertz a clue about who the driver was, and Hertz thus had the ability to ascertain his citizenship before seeking removal. I adopt the reasoning of district courts in this circuit that have taken a Doe defendants' citizenship into consideration under these circumstances, and I conclude that this case was improperly removed and exercise my discretion to remand it under 28 U.S.C. § 1447(e).[6]

I also deny as moot the pending stipulation to permit Aliquo to file a first amended complaint because Aliquo filed that amended complaint already and it is the operative complaint in this case.[7] I then deny the parties' stipulated discovery plan and scheduling order without prejudice to the parties' ability to refile a discovery plan in accordance with state court rules.[8]

---

[4] *Id.* (citing *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) (assessing whether the "[p]laintiffs' description of Doe defendants or their activities is specific enough as to suggest their identity, citizenship, or relationship to the action" to determine whether to consider a Doe defendant's citizenship); *Collins v. Garfield Beach CVS, LLC*, 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017) ("When a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent, the court should consider the citizenship of the fictitious defendant." (cleaned up))).

[5] *See* ECF No. 1-2 at ¶¶ 9–11.

[6] 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.").

[7] ECF Nos. 13, 15.

[8] ECF No. 16.

**Conclusion**

IT IS THEREFORE ORDERED that the parties' stipulation to permit Aliquo to file a first-amended complaint **[ECF No. 13] is DENIED as moot**. The first-amended complaint at ECF No. 15 is the operative complaint in this case.

IT IS FURTHER ORDERED that the parties' stipulated discovery plan and scheduling order **[ECF No. 16] is DENIED** without prejudice to their ability to file a discovery plan in state court in accordance with state court rules.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this case back to the Eighth Judicial District Court, Department 5, Case No. 1-25-923537-C**, and CLOSE THIS CASE. This case returns to state court with no motions pending. The first-amended complaint (ECF No. 15) is the operative complaint.

_____
U.S. District Judge Jennifer A. Dorsey
January 29, 2026

3